UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALVIN WILLIAMS,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown), and CORRECTIONS OFFICERs "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown)

                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

14-cv-01630 (GBD)

**JURY TRIAL DEMANDED**

        Plaintiff, Alvin Williams, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff is an African-American male and was at all relevant times a resident of the City and State of New York.

7.  Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9.  At all times hereinafter mentioned, the individually named defendants, P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about March 8, 2013, at approximately 3:00 P.M., plaintiff ALVIN WILLIAMS was lawfully present at the corner of 184th Street and Crescent Avenue, in the County of Bronx, in the City and State of New York.

14. Thereafter, defendant police officers approached plaintiff ALVIN WILLIAMS in a police van, and immediately exited their vehicle.

15. Defendant police officers then, without probable cause to do so, proceeded to search plaintiff ALVIN WILLIAMS

16. Defendant police officers, upon searching plaintiff ALVIN WILLIAMS, did not recover any narcotics on plaintiff ALVIN WILLIAMS

17. Defendant police officers, upon searching plaintiff ALVIN WILLIAMS, did not recover any currency on plaintiff ALVIN WILLIAMS

18. Nevertheless, plaintiff ALVIN WILLIAMS was arrested and charged with, *inter alia*, Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Seventh Degree.

19. At no time on March 8, 2013, did plaintiff ALVIN WILLIAMS *ever* possess any narcotics of any kind.

20. At no time on March 8, 2013, did plaintiff ALVIN WILLIAMS *ever* sell any narcotics of any kind.

21. Despite a lack of narcotics and currency, plaintiff ALVIN WILLIAMS was transferred to the police precinct, where he spent approximately six (6) hours in custody.

22. Plaintiff ALVIN WILLIAMS was then transported to Central Booking, where he remained for approximately two (2) days.

23. While in Central Booking, plaintiff ALVIN WILLIAMS was pepper-sprayed by defendant corrections officers, without just cause or provocation.

24. While in Central Booking, plaintiff ALVIN WILLIAMS was kicked in his ribcage by defendant corrections officers, without just cause or provocation.

25. Upon being kicked by defendant CORRECTIONS OFFICERS, plaintiff immediately requested medical assistance.

26. Upon requesting medical assistance, plaintiff ALVIN WILLIAMS was denied medical assistance by defendant CORRECTIONS OFFICERS.

27. At his arraignment, bail was imposed at a number which exceeded plaintiff ALVIN WILLIAMS' means.

28. Plaintiff ALVIN WILLIAMS was then transported to The Vernon C. Bain Correctional Center, herein after referred to as "The Boat."

29. Plaintiff ALVIN WILLIAMS received an X-Ray of his ribcage at the West Facility of Rikers island, where it was determined that he had sustained two (2) fractured ribs.

30. On March 11, 2013, plaintiff ALVIN WILLIAMS was taken by the Department of Corrections to Bellvue Hospital, where he again was incorrectly diagnosed with only a single fractured rib.

31. On March 16, 2013, plaintiff ALVIN WILLIAMS was released form Rikers Island.

32. On March 17, 2013, plaintiff ALVIN WILLIAMS received an X-Ray at Bronx-

Lebanon Hospital, where he was again diagnosed with two (2) fractured ribs.

33. As a result of the foregoing, plaintiff ALVIN WILLIAMS sustained, *inter alia*, loss of liberty for eight (8) days, two (2) fractured ribs, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

36. All of the aforementioned acts deprived plaintiff ALVIN WILLIAMS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and corrections officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, and the Department of Corrections for the City Of New York, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her

respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. As a result of defendants' aforementioned conduct, plaintiff ALVIN WILLIAMS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

42. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants misrepresented and falsified evidence before the District Attorney.

45. Defendants did not make a complete and full statement of facts to the District Attorney.

46. Defendants withheld exculpatory evidence from the District Attorney.

47. Defendants were directly and actively involved in the initiation of criminal proceedings against ALVIN WILLIAMS.

48. Defendants lacked probable cause to initiate criminal proceedings against plaintiff ALVIN WILLIAMS.

49. Defendants acted with malice in initiating criminal proceedings against plaintiff ALVIN WILLIAMS.

50. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff ALVIN WILLIAMS.

51. Defendants lacked probable cause to continue criminal proceedings against plaintiff ALVIN WILLIAMS.

52. Defendants acted with malice in continuing criminal proceedings against ALVIN WILLIAMS.

53. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

54. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ALVIN WILLIAMS's favor in January 31, 2014, when all charges against him were dismissed.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. §1983

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff ALVIN WILLIAMS's constitutional rights.

58. As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" as if the same were more fully set forth at length herein.

60. Defendant CORRECTIONS OFFICERS had an affirmative duty to intervene to protect the constitutional rights of plaintiff ALVIN WILLIAMS from being violated by other corrections officers in their presence.

61. Defendant Corrections Officers violated plaintiff ALVIN WILLIAMS's constitutional rights in the presence of their corrections officers's colleagues.

62. Defendant Corrections Officers had reason to know plaintiff's constitutional rights were being violated.

63. Defendant Corrections Officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, but failed to do so.

64. Notwithstanding this opportunity, Defendant Corrections Officers failed to intervene to prevent the violations of plaintiff ALVIN WILLIAMS's constitutional rights.

65. As a result of the foregoing, plaintiff ALVIN WILLIAMS sustained, *inter alia*, bodily injuries, loss of liberty, loss of wages and income, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "65" as if the same were more fully set forth at length herein.

67. Defendants created false evidence against plaintiff ALVIN WILLIAMS.

68. Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

69. In creating false evidence against plaintiff ALVIN WILLIAMS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

70. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

71. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. The aforementioned individual defendants issued legal process to place plaintiff ALVIN WILLIAMS under arrest.

73. The aforementioned individual defendants arrest plaintiff ALVIN WILLIAMS in order to obtain a collateral objective outside the legitimate ends of the legal process.

74. The aforementioned individual defendants acted with intent to do harm to plaintiff ALVIN WILLIAMS, without excuse or justification.

75. As a result of the foregoing, plaintiff ALVIN WILLIAMS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "75" as if the same were more fully set forth at length herein.

77. Defendants arrested and incarcerated plaintiff ALVIN WILLIAMS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

78. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, corrections officers and officials, with all the actual and/or apparent authority attendant thereto.

79. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, the Department of Corrections, and the New York City Police Department, all under the supervision of ranking officers of said department.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Department of Corrections, and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALVIN WILLIAMS.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Department of Corrections, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALVIN WILLIAMS as alleged herein.

82. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Department of Corrections, and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff ALVIN WILLIAMS, as alleged herein.

83. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, the Department of Corrections, and the New York City Police Department, plaintiff ALVIN WILLIAMS was incarcerated unlawfully for eight (8) days.

84. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff ALVIN WILLIAMS.

85. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff ALVIN WILLIAMS's constitutional rights.

86. All of the foregoing acts by defendants deprived plaintiff ALVIN WILLIAMS of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

   E.  To receive equal protection under the law.

**WHEREFORE**, plaintiff ALVIN WILLIAMS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
   March 4, 2014

              BY: _____
                 JON L. NORINSBERG (JN-2133)
                 Attorney for Plaintiff
                 225 Broadway, Suite 2700
                 New York, N.Y. 10007
                 (212) 791-5396